JUSTICE NELSON
dissents.
¶16 I conclude that the trial court did not abuse its discretion in refusing to reconsider Fennessy’s motion. Accordingly, I would affirm.
¶17 Fennessy not only acquiesced in the District Court ruling on Dorrington’s motion to dismiss before the expiration of the 10-day period set forth by Rule 2(b), Uniform District Court Rules, he actively precipitated the court’s ruling. While Fennessy complains that he did not receive a copy of Dorrington’s motion to dismiss and request for continuance of the hearing and to quash, the record is undisputed that he knew that she had moved to dismiss his application under Rule 12(b)(6), M.R.Civ.P. Knowing that, Fennessy failed to ask the court for time to respond to Dorrington’s motion. To the contrary, he insisted that the trial judge conduct the show cause hearing even though the hearing was scheduled to take place before the expiration of the 10-day period for him to respond. By thus insisting that the court conduct the show cause hearing on September 28, 2000, Fennessy invited the *311 District Judge to rule on Dorrington’s motion to dismiss before the expiration of the 10-day period.
¶18 We have held that a trial court will not be reversed “for a ruling or procedure in which the appellant acquiesced or participated, or to which the appellant made no objection.” Sandman v. Farmers Ins. Exchange, 1998 MT 286, ¶ 23, 291 Mont. 456, ¶ 23, 969 P.2d 277, ¶ 23 (citing State ex rel. Ins. Fund v. Berg (1996), 279 Mont. 161, 174, 927 P.2d 975, 983. See also § 1-3-207 MCA (“Acquiescence in error takes away the right of objecting to it.”).
¶19 This “invited error rule” bars Fennessy’s claim of error on appeal. Having insisted on the court holding the hearing on the merits of Dorrington’s motion before the expiration of Fennessy’s time to respond, he should not now be heard to complain of error where the District Judge did exactly what Fennessy asked him to do.
¶20 Additionally, I disagree with the majority’s statement that Fennessy “articulated a sufficient basis for the court to reconsider its order pursuant to Rule 60(b)(1), M.R.Civ.P.” He did no such thing. Fennessy merely stated that his motion was brought pursuant to Rule 60(b), M.R.Civ.P., which, as the Court’s opinion acknowledges, may seek relief for a variety of reasons. In his brief in support of his motion to reconsider Fennessy never referred to Rule 60(b)(1), M.R.Civ.P., nor did he argue any persuasive basis for relief under that subparagraph of the rule. In fact, having mentioned Rule 60(b) in his motion, he never referred to the rule or any part of it again in either the motion or in his supporting brief except to state at the end of his brief (which did not discuss Rule 60(b)) that the rule was applicable.
¶21 It was Fennessy’s burden to apprise the trial judge of the particular grounds on which he was bringing his motion and then to cite authorities supporting his position. It was not the District Court’s obligation to make Fennessy’s case for him any more than it is the prerogative of this Court to make the argument that Fennessy should have made himself but did not. Even in his appeal briefs, Fennessy did not make the Rule 60(b) argument that the majority raise and then resolve in his favor. In doing so, we have violated our own jurisprudence, purely and simply. See Johansen v. State, Dept. of Natural Resources, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (it is not a court’s obligation to conduct legal research on a party’s behalf, guess at the party’s precise position, or develop a legal analysis which may lend support to that position).
¶22 The District Court did not abuse its discretion. Its determination not to reconsider Fennessy’s motion should be affirmed. I dissent from our refusal to do so.